**FILED**
**FEB 08 2017**
**CLERK, U.S. BANKRUPTCY COURT**
**WEST DIST. OF PENNSYLVANIA**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 17-20211-GLT |
| | : | Chapter 11 |
| **CIRCULATORY CENTER OF WEST VIRGINIA, INC.,** | : | |
| Debtor. | : | |
| | : | |
| **FIFTH THIRD BANK,** an Ohio banking corporation, | : | Adv. No. 17-02016-GLT |
| Plaintiff, | : | |
| v. | : | |
| **CIRCULATORY CENTERS OF AMERICA, LLC,** *et al.*, | : | Related to Dkt. Nos. 1 and 3 |
| Defendants. | : | |

## MEMORANDUM OPINION

This case presents the question of whether the Court should abstain or remand a recently removed action from the state court. Fifth Third Bank ("Fifth Third") obtained a judgment by confession against eight affiliated defendants in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court").[1] The Defendants sought to open the confessed judgment, but before the State Court could entertain argument on the matter, one of the defendants, The Circulatory Center of West Virginia, Inc. ("CC-West Virginia"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). CC-West Virginia immediately removed the action (the "State Court

---

[1] The defendants in the State Court action (collectively, the "Defendants") consist of the following entities: Circulatory Centers of America, LLC, The Circulatory Center of Pennsylvania, Inc., The Circulatory Center of Ohio, Inc., The Circulatory Center of West Virginia, Inc., Circulatory Centers, P.C., Circulatory Centers Georgia, P.C. ("CC-Georgia"), Circulatory Centers Connecticut, LLC, and Thomas M. Certo.

Action") to this Court, and Fifth Third now requests that the Court either abstain from the matter and/or remand it back to the State Court.[2] For the reasons that follow, Fifth Third's request is well founded and an Order remanding this proceeding back to the State Court shall issue.

## FINDINGS OF FACT

On July 11, 2016, Fifth Third Bank confessed judgment in the amount of $3,379,708.46 against each of the Defendants by filing a *Complaint in Confession of Judgment* in the State Court.[3] The Defendants petitioned the State Court to open or strike the judgment on the basis that, among other things, the post-judgment interest rate and attorneys' fees assessed in the judgment were excessive. Thereafter, the State Court issued an Order which stayed execution of the judgment pending further order.

On December 5, 2016, CC-Georgia filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[4] Following some confusion in the State Court as to whether the automatic stay prohibited it from proceeding against non-debtor Defendants, Fifth Third filed a motion seeking relief from the automatic stay. Reflecting an agreed-upon resolution of the motion, the Court entered a modified consent order on December 15, 2016 which provided:[5]

> The Automatic Stay does not apply to any Defendant in the matter pending in the Court of Common Pleas of Allegheny County,

---

[2] See *Objection to Notice of Removal and Emergency Motion for Remand and Abstentation [sic]; and Request for Expedited Hearing* (the "Motion"), Dkt. No. 3. Unless otherwise noted herein, all references to the docket pertain to Adv. No. 17-02016-GLT.

[3] Dkt. No. 1-2 and Dkt. No. 3 at Exhibit A; see also *Response to Objection to Notice of Removal and Emergency Motion for Remand and Abstention; and Request for Expedited Hearing* (the "Response"), Dkt. No. 8. In its response, CC-West Virginia admits that judgment was confessed in the amount of $3,370,708.46 plus attorneys' fees and costs of $337,970.85. However the exhibits attached to CC-West Virginia's *Notice of Removal* [Dkt. No. 1] indicate that judgment was confessed in the amount of $3,379,708.46 plus attorneys' fees and costs of $337,970.85. To the extent a discrepancy exists beyond a mere typographical error, it is not material to the Court's decision herein.

[4] Case No. 16-24530-GLT, Dkt. No. 1.

[5] See *Modified Consent Order Regarding Emergency Motion for Relief from the Automatic Stay and Request for Expedited Hearing*, Case No. 16-24530-GLT, Dkt No. 16.

2

Pennsylvania, at Docket Number GD-16-012470 other than the Debtor, Circulatory Centers of Georgia, P.C.

In the event any of the Co-Defendants in the State Court Action file for bankruptcy protection under 11 U.S.C. § 101 et seq., the Automatic Stay does not apply to any non-debtor Co-Defendants.

The Court ultimately dismissed CC-Georgia's bankruptcy case on January 5, 2017 because the debtor failed to timely file its bankruptcy schedules. Although CC-Georgia has not challenged this result, Fifth Third now seeks reconsideration of the dismissal order on the basis that the Court should either convert the case to chapter 7 or impose a 180-day bar against any future filings.[6] The motion for reconsideration is set for hearing on February 23, 2017.

CC-West Virginia filed its voluntary petition for chapter 11 bankruptcy relief on January 20, 2017.[7] The bankruptcy filing occurred three days before the State Court was scheduled to hear final argument on the Defendants' petition.[8] Shortly after the bankruptcy case was filed, CC-West Virginia filed a notice to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.[9]

Through its emergency motion, Fifth Third now seeks an Order whereby the Court abstains and remands the current dispute back to the State Court for disposition. CC-West

---

[6] See *Motion for Reconsideration of Order dated January 5, 2017 Dismissing Case*, Case No. 16-24530-GLT, Dkt. No. 25.

[7] Case No. 17-20211-GLT, Dkt. No. 1. According to its bankruptcy petition, CC-West Virginia holds assets worth no more than $100,000.

[8] See *Motion* at ¶ 12; *Response* at ¶ 12 (admitting that final argument on the Defendants' petition to strike was to occur on January 23, 2017).

[9] Dkt. No. 1 ("Notice of Removal").

3

Virginia filed a response in opposition to the request.[10] After considering the arguments of counsel at a hearing held on January 27, 2017, this matter is ripe for adjudication.

## CONCLUSIONS OF LAW

Fifth Third requests mandatory abstention or permissive abstention and alternatively, remand on equitable grounds. Mandatory abstention derives from 28 U.S.C. § 1334(c)(2) which provides:[11]

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.

A bankruptcy court is compelled to abstain from hearing a civil proceeding when all five of the factors identified in § 1334(c)(2) are present:[12]

(1) the proceeding is based on a state law claim or cause of action;

(2) the claim or cause of action is related to a case under title 11, as opposed to a case which "arises under" title 11 or "arise in" a title 11 case;

(3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case;

(4) an action is already commenced in a state forum of appropriate jurisdiction; and

(5) the action can be timely adjudicated in the state forum.

---

[10] See *Response*. None of the other Defendants have joined in the *Response* or otherwise appeared in the adversary proceeding since it was remanded.

[11] 28 U.S.C. §1334(c)(2).

[12] Stoe v. Flaherty, 436 F.3d 209, 213 (3d Cir. 2006).

The parties stipulate that all but one of the required elements for mandatory abstention are present here. Their sole dispute pertains to whether the second element is satisfied as they do not agree as to whether the claims asserted in the State Court Action constitute core proceedings under § 157 of the Bankruptcy Code. The Court will therefore narrow its focus accordingly.

The determination of whether the claims are core or non-core proceedings turns on the type of jurisdiction, if any, the Court may exercise over the State Court Action. A bankruptcy court's jurisdiction extends over four types of cases and proceedings: (a) cases under title 11; (b) proceedings which "arise under" title 11; (c) proceedings that "arise in" a bankruptcy case; and (d) proceedings that are "related to" a bankruptcy case.[13] The distinctions are important because only those matters which invoke "related to" jurisdiction may be subjected to mandatory abstention. Conversely, if the matter is a core proceeding which either "arises under" title 11 or "arises in" a title 11 case, mandatory abstention is unavailable.

CC-West Virginia concedes that "related to" jurisdiction applies to the State Court Action.[14] While that should end the inquiry and cause the Court to exercise mandatory abstention, CC-West Virginia posits that the State Court Action is nonetheless a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) and (O) because it involves the allowance or

---

[13] See In re W.R. Grace & Co., 591 F.3d 164 (3d Cir. 2009). A case "under title 11" refers to the bankruptcy petition itself. In re Combustion Eng'g, Inc., 391 F.3d 190, 225 n.38 (3d Cir. 2005). A proceeding "arises under" title 11 when it "invokes a substantive right provided by title 11." Stoe v. Flaherty, 436 F.3d at 216. Proceedings "arise in" title 11 cases "if they have no existence outside of the bankruptcy." United States Trustee v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552, 556 (3d Cir. 1999). This category includes "administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." Stoe v. Flaherty, 436 F.3d at 216. The last and broadest form of bankruptcy jurisdiction exists for proceedings "related to" a bankruptcy case. A proceeding is "related to" a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

[14] See Notice of Removal at ¶ 4 (admitting that the "case being removed is related to the Debtor's Chapter 11 Case."); see also Response at ¶ 26 ("Jurisdiction in this Honorable Court is proper in that the Case is related to the Debtor's Chapter 11 Case. A proceeding is considered to be related to a bankruptcy case if the outcome of said proceeding could conceivably have any effect on the estate being administered in bankruptcy.").

disallowance of claims against the estate and may impact the nature of the debtor-creditor relationship.[15]

The Court rejects CC-West Virginia's argument because it is internally inconsistent and contrary to existing precedent. A proceeding which invokes the bankruptcy court's "related to" jurisdiction, the lowest rung on the jurisdictional ladder, cannot qualify as a core proceeding. Indeed, the terms "core proceeding" and "related to" jurisdiction are mutually exclusive concepts under federal bankruptcy jurisprudence.[16] To the extent any ambiguity exists within § 157, the issue was resolved by the Supreme Court when it rejected the notion that there can be core proceedings which neither "arise in" a bankruptcy case nor "arise under" the Bankruptcy Code.[17]

Upon finding that each of the required factors set forth in §1334(c)(2) are present, the Court must exercise mandatory abstention with respect to the State Court Action. In light of this finding, the sole issue remaining before the Court is whether the removed matters should be remanded back to the State Court.

When abstention is required under § 1334(c)(2), the bankruptcy court has the authority to remand the case to state court pursuant to 28 U.S.C. § 1452(b), which authorizes remand on "any equitable ground."[18] The party seeking removal bears the burden of

---

[15] Id. at ¶ 19.

[16] See 1-3 Collier on Bankruptcy ¶ 3.02 (16th ed. 2015) ("The phraseology of section 157 leads to the conclusion that there is no such thing as a core matter that is 'related to' a case under title 11.").

[17] See Stern v. Marshall, 564 U.S. 462, 475 (2010) ("[Claimant's] reading of the statute necessarily assumes that there is a category of core proceedings that neither arise under Title 11 nor arise in a Title 11 case. The manner in which the statute delineates the bankruptcy courts' authority, however, makes plain that no such category exists.").

[18] See also Stoe v. Flaherty, 436 F.3d at 215 (Once the Court determines that abstention is appropriate, "it can consider whether there is reason for the suit to proceed in state court. If so, there will be an 'equitable ground' justifying remand under § 1452(b).").

demonstrating that removal is proper.[19] "Removal statutes are to be strictly construed, with any doubts resolved in favor of remand."[20] Although the Court may consider a multitude of factors when faced with a request for remand,[21] the exercise of mandatory abstention could, by itself, provide the equitable grounds required under § 1452 to remand the State Court Action to the State Court.[22]

The Court is persuaded that remand is appropriate given that the underlying action attacks the validity of a State Court judgment, and the State Court is best suited to evaluate the enforceability of its own rulings.[23] In reaching this conclusion, the Court is guided by the principle that "the court which has originally entered a particular judgment should be accorded, as a matter of comity, the right to determine whether relief from its own judgment should be granted."[24] It is also compelling that eight of the nine parties to the State Court Action are non-

---

[19] Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

[20] In re Brownsville Prop. Corp., 469 B.R. 216, 223 (Bankr. W.D. Pa. 2012) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)).

[21] Among the factors that bankruptcy courts consider in deciding whether to remand a removed proceeding include: (1) forum non conveniens; (2) the importance of trying the entire action in same court; (3) the extent to which state law dominates; (4) the state court's familiarity with state law; (5) the existence of right to jury trial; (6) judicial economy; (7) comity; (8) prejudice to involuntarily removed party; (9) the degree of relatedness of action to main bankruptcy case; (10) the possibility of inconsistent results; and (11) the effect of bifurcating claims. See Huhl v. Bastian, 279 B.R. 165, 179 (W.D. Pa. 2002); see also Kurz v. EMAK Worldwide, Inc., 464 B.R. 635, 645-46 (D. Del. 2011).

[22] See In re Glunk, 2006 WL 6659552, *6 (Bankr. E.D. Pa. Aug. 18, 2006) ("If an adversary proceeding commenced in bankruptcy court would be subject to mandatory abstention, the identical proceeding removed from state court should be remanded under § 1452(b)."); In re Nat'l Century Fin. Enters, Inc. Inv. Litig., 323 F.Supp.2d 861, 878 (S.D. Ohio 2004) ("One equitable ground on which a court may order remand is a finding that mandatory abstention is required.").

[23] See, e.g., In re Taylor, 115 B.R. 498, 501-02 (E.D. Pa. 1990) ("[W]e are reluctant to interfere with another court's actions to grant relief from its own judgments."); In re Sciortino, 114 B.R. 423, 427 (Bankr. E.D. Pa. 1990) (despite a general rule deferring any request for relief of a judgment to the court that issued it, the court would not remand a case to the state court absent a request from at least one of the parties); In re Foxcroft Square Co., 1996 WL 96873 (Bankr. E.D. Pa. March 4, 1996) (remanding an action to open or strike a confessed judgment for ejectment and unpaid rent).

[24] In re RCS Props., Inc., 1992 WL 22190, *1 (Bankr. E.D. Pa. Feb. 3, 1992) (quoting In re Sciortino, 114 B.R. 423, 427 (Bankr. E.D. Pa. 1990)).

debtors who have not expressed any opposition to a remand. For these reasons, the Court will grant Fifth Third's request and remand the proceeding back to the State Court.

To avoid any further confusion, the Court observes that nothing in its findings shall modify the automatic stay which remains in effect to protect the bankruptcy estate of CC-West Virginia. Aside from some cursory remarks made in its reply brief, Fifth Third did not request stay relief in its motion, and it has not established a record justifying any such request at this stage. Although some courts have held that a request for stay relief is implicit in any request for remand,[25] the Court does not reach that conclusion here. Consistent with §1334(d), the Court finds that its decision to abstain "shall not be construed to limit the applicability of the stay provided for by section 362[.]"[26] Accordingly, the State Court Action can proceed as against the non-debtor Defendants but shall remain stayed as to CC-West Virginia.

Based on the foregoing, the Court shall remand this proceeding to the State Court because it is required to abstain as a matter of law under 28 U.S.C. § 1334(c)(2). An appropriate Order will issue.

Dated: February 7, 2017

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Fifth Third Bank
Kirk B. Burkley, Esq.
Kerri Coriston Sturm, Esq.

---

[25] See Pursifull v. Eakin, 814 F.2d 1501, 1505 (10th Cir. 1987); In re Reliance Grp. Holdings, Inc., 273 B.R. 374, 407 (Bankr. E.D. Pa. 2002).

[26] 28 U.S.C. § 1334(d); see also In re Conejo Enters., Inc., 96 F.3d 346, 352 ("[I]t is clear that Congress did not intend to provide an exception to the automatic stay for non-core pending state actions which are subject to mandatory abstention. In fact, Congress has made it clear that it intended just the opposite…").